UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT NUCKLES<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 3:01 CV 753 (MRK)<br>)<br>)<br>)<br>)<br>) |

## AMENDED ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America, for its answer in the above-captioned action, answering the Complaint by paragraphs, admits, denies, and alleges upon information and belief as follows:

1. Neither admits nor denies the allegations contained in paragraph 1 for they raise questions of law for the Court.

2. Neither admits nor denies the allegations contained in paragraph 2 for they raise questions of law for the Court.

3. Denies the allegations contained in paragraph 3, except it is admitted Plaintiff filed an administrative claim with the responsible federal agency, the U.S. Navy, and that Plaintiff failed to respond to the U.S. Navy's November 10, 1999 request for claims information before filing suit.

4. Denies the allegations in paragraph 4 for lack of knowledge and information to form a belief as to the truth of the allegations, except it is admitted that the Honorable District Court for the District of Connecticut is the proper venue, and that vessel YFNB-41 is owned by the United States.

4.[1]    Denies the allegations in paragraph 4 for lack of knowledge and information to form a belief as to the truth of the allegations, except it is admitted that the YFNB-41 is a United States of America owned vessel and that YNFB-41 was docked at the United States Submarine Base in Groton, Connecticut on or about May 14, 1999.

5.    Denies the allegations in paragraph 5 for lack of knowledge and information to form a belief as to the truth of the allegations.

6.    Denies the allegations in paragraph 6, except it is admitted that the YFNB-41 is a United States of America owned vessel.

7.    Denies the allegations contained in paragraph 7.

8.    Denies the allegations contained in paragraph 8.

9.    Denies the allegations contained in paragraph 9.

10.    Denies the allegations contained in paragraph 10.

11.    Denies the allegations contained in paragraph 11.

12.    Denies the allegations contained in paragraph 12.

### First Affirmative Defense

If Plaintiff was injured as alleged, such injuries were caused in whole or in part by the negligence of Plaintiff or third parties over whom the United States has no control, and were not caused or contributed to by any act or omission of the United States, its servants, employees, agents, agencies or anyone for whom the United States was responsible.

### Second Affirmative Defense

If it is found that Plaintiff suffered damages from any act or omission of the United States

---

[1] Misnumbered in Plaintiff's Complaint as paragraph 4, instead of 5.

and/or any of its agencies or instrumentalities as alleged in the Complaint, an allegation which is expressly denied, Plaintiff's failed to mitigate, minimize, or avoid all parts of the damages.

### Third Affirmative Defense

In the event Defendant is found to be negligent, which negligence Defendant denies, the negligence of the Plaintiff contributed to causing Plaintiff's injuries and any recovery must accordingly be proportionately denied.

### Fourth Affirmative Defense

This Court lacks subject matter jurisdiction over the Complaint.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Sixth Affirmative Defense

Plaintiff is not entitled to costs and attorneys fees.

### Seventh Affirmative Defense

By application of the borrowed servant doctrine, plaintiff's exclusive remedy against defendant are the benefits available to him under the Longshore and Harborworkers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950.

WHEREFORE, the United States prays that Plaintiffs' the complaint against the United States be dismissed, with costs, fees, and expenses against Plaintiffs, and for such further relief as this Court may deem appropriate.

Dated: December 23, 2003.

3

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN A. DANAHER, III
United States Attorney

BRENDA M. GREEN
Assistant United States Attorney

*Michael A DiLau*
MICHAEL A. DILAURO, Trial Attorney
Federal Bar No. CT 23607
STEPHEN G. FLYNN, Trial Attorney
U.S. Department of Justice
Post Office Box 14271
Washington, D.C. 20044-4271
Tel. (202) 616-4019
Fax. (202) 616-4159

Counsel for the United States

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by Federal Express this 23rd day of December 2003, addressed to the following counsel of record:

>Eric J. Land, Esq.
>Embry & Neusner
>118 Poquonnock Road
>Groton, CT  06340
>Tel. (860) 449-0341

>*Michael A DiL*
>MICHAEL A. DILAURO, Trial Attorney