UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

ROBERT NUCKLES
    Plaintiff

                                                                    CIVIL ACTION No.: 301CV753 (MRK)

Vs.

UNITED STATES OF AMERICA
    Defendant                                     FEBRUARY 3, 2004

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO AMEND ITS ANSWER

The plaintiff hereby objects to Defendant's Motion To Amend Its Answer To Raise An Additional Affirmative Defense [doc. #31], dated December 23, 2003.

The defendant has moved, per Fed.RCiv.P.(a), to amend the pleadings to allow an additional defense of "borrowed servant". Though amendments to the pleadings are allowed, such amendments rest within the discretion of the court. As a general rule, it is appropriate for the court to grant a motion to amend so long as such amendment does not cause undue surprise or prejudice to the plaintiff. "Leave to amend should be freely granted, but the district court has

the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. Jin v. Metropolitan Life Ins. Co., 295 F.3rd 335, 352 (2nd Cir. 2002) citing Foman v. Davis, 371 U.S. 178, 182 (1962)

This matter was commenced in federal court on May 1, 2001. The defendant filed its answer on June 26, 2001. On December 23, 2003, two and a half years after the initial answer, defendant now claims to have discovered new information which would show the plaintiff was a barrowed servant of the United States. Clearly, if plaintiff was a barrowed servant of the United States, the United States would have known this from the very start of this matter. Defendant claims that not until December 16, 2003 did it first discover, through Steven Bailey, a employee of the U.S. Government, that the United States and Electric Boat had entered into a partnership agreement. The United States must have known of any such partnership agreement prior to the plaintiff's injuries of May 14, 1999. It is not conceivable that the United States did not know of its own contracts or partnership arrangements until December 16, 2003.

Even if it is true that the United States did not know of its own contract and/or partnership agreement between itself and Electric Boat, prior to December 16, 2003, its failure to discover same can only be construed as causing prejudice to the plaintiff. The individual who supposedly informed the defendant of its own partnership agreement was deposed by plaintiff's counsel on February 20, 2002. Why didn't the defendant before, at or a reasonable time after

the deposition ascertain that there may have been a partnership agreement that might make a new defenses to the case at bar applicable? Plaintiff must now attempt to re-depose Mr. Bailey at plaintiff's own substantial expense and at such a time so close to the trial of the matter. Plaintiff does claim undue prejudice should defendant's motion to amend be granted.

WHEREFORE, the plaintiff respectfully moves the Court to deny defendant's Motion To Amend Its Answer To Raise An Additional Affirmative Defense.

PLAINTIFF,
ROBERT NUCKLES

BY: _____
Eric J. Land, Esq.
FED. Bar No. CT12851
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340
(860) 449-0341

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, this 3rd day of February, 2004 to the following counsel of record:

Michael A. Dilauro, Esq.,
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271

_____
ERIC J. LAND

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932