UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

FEB 5   8 25 AM '04

U.S DISTRICT COURT
NEW HAVEN, CT

ROBERT NUCKLES )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 3:01 CV 753 (MRK)
)
UNITED STATES OF AMERICA, )
)
Defendant. )
_____)

UNITED STATES' REPLY TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND
OBJECTION TO ITS MOTION TO AMEND ITS ANSWER TO RAISE
AN ADDITIONAL AFFIRMATIVE DEFENSE

I.  BACKGROUND.

The United States' filed its Motion to Amend Its Answer to Raise An Additional Affirmative Defense on December 23, 2003. Absent objection from plaintiff, the Court granted the United States' motion by order of January 26, 2004. Plaintiff raised opposition to the motion orally during the pretrial conference on February 2, 2004. As a result, the Court granted him leave to file a motion requesting reconsideration of its order of January 26, 2004. Plaintiff has filed this, as well as his opposition to the United States' motion to amend.

II. THE EXTRAORDINARY REMEDY OF RECONSIDERATION IS NOT
    APPROPRIATE IN THIS INSTANCE.

Plaintiff now files his motion for reconsideration, which asks the Court to modify its order. Although the Court may do so, Devlin v. Transp. Communications Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999); Fed.R.Civ.P. 59(e); Loc.R.Civ.P. 9(e), such a motion is rarely granted in practice. Reconsideration takes time, from both the parties and the court, and, if granted, may result in disruption of the finality ordinarily accorded a judicial determination.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and to conserve judicial resources." In re: Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). Plaintiff offers no compelling reason to justify his request for reconsideration; he simply states that he thought an objection to the motion to amend did not need to be written but could be made at the pretrial conference. This remarkable belief contravenes the local rules, which provide: ". . . memoranda in opposition to any motion shall be filed within twenty-one (21) days . . . ." Loc.R.Civ.P. 9(a)1.

In analyzing the question of whether to reconsider its order of January 26, 2004, the Court must ask whether that decision is erroneous. United States v. Scott, 975 F.Supp. 428, 430 n. 1 (D.Conn. 1997). In fact, it is not erroneous because a lack of opposition, in and of itself, provides the Court with a sufficient basis to grant a motion. The local rules explicitly state: "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . ." Loc.R.Civ.P. 9(a)1; see Royal Ins. Co. of Am. v. Zygo Corp., 212 F.R.D. 444, 447; 2003 U.S. Dist. LEXIS 2700, at **8-9 (D.Conn. Feb. 22, 2003) (in granting a motion absent opposition, the court acted in accordance with Loc.R.Civ.P. 9(a)1).

Plaintiff has offered no compelling explanation for his silence. The local rules provide that an absence of opposition is a basis to grant a motion. The Court acted in accordance with those rules. Thus, reconsideration is inappropriate.

III.    EVEN IF THE COURT ALLOWS RECONSIDERATION, IT SHOULD NOT REVERSE ITS ORDER OF JANUARY 26, 2004.

If the Court chooses to reconsider its order of January 26, 2004, the determinative question becomes one of whether the moving party can point to facts or law that would alter the

2

earlier conclusion reached by the Court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In this instance, plaintiff makes no argument based in law; rather, he argues that certain facts should cause the Court to reverse its decision.

Plaintiff's first point is that, if plaintiff was a borrowed servant, the United States would have known this at the outset. Pl. Obj., p. 2. This is simply not true and plaintiff does not explain why it must be so. As set forth in the United States' Motion to Amend Its Answer to Raise An Additional Affirmative Defense, the information that gives rise to the assertion of the borrowed servant defense was unknown to the United States until December 16, 2003.

Plaintiff then asserts that the United States is claiming that it did not know of its own contracts or partnering arrangements between it and Electric Boat until December 16, 2003. Pl. Obj., p. 2. This is incorrect. The United States, in bringing its motion, never asserted that it was unaware of the existence of the contracts. Rather, the United States did not know how those contracts were put into effect by its managers until December 16, 2003. This is a critical distinction because, while the contract amply supports the proposition that Mr. Nuckles was a borrowed servant of the United States, that contract is not determinative. The test is whether the United States directed and controlled Mr. Nuckles on the job. See White v. Bethlehem Steel Corp., 222 F.3d 146, 150 (4th Cir. 2000) (actual practice in exercising supervision and control trumps the contract). On December 16, 2003, the Government learned, for the first time, that it directly supervised Mr. Nuckles.

Plaintiff's argues last that he is prejudiced by the assertion of the borrowed servant defense. Pl. Obj., pp. 2-3. But, this is not the case. Plaintiff may wish to depose three new Government witnesses named in the Joint Trial Memorandum. This is not an added burden

3

created by the United States' lateness in raising this defense. He would have had to depose these persons had the borrowed servant defense been asserted in its original answer. As the Court anticipates setting trial either during the week of April 26, 2004, or May 10, 2004, plaintiff has plenty of time to depose these witnesses and the Government will cooperate in making them available. One witness, Mr. Steven Bailey, the zone manager, was previously deposed. Plaintiff complains that he will have to depose Mr. Bailey at substantial expense. To alleviate this burden, the Government will pay for the court reporter, for this particular deposition, with the understanding that the continuation of Mr. Bailey's deposition will be limited to matters relating to the borrowed servant defense.

Based on the foregoing, plaintiff's Motion for Reconsideration of Allowing Defendant's Motion to Amend Its Answer and Plaintiff's Objection to Defendant's Motion to Amend Its Answer should be denied.

Dated: February 4, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNER
United States Attorney

BRENDA M. GREEN
Assistant United States Attorney

4

_Michael A. DiLauro_
MICHAEL A. DILAURO, Trial Attorney
Federal Bar No. CT 23607
STEPHEN G. FLYNN, Trial Attorney
U.S. Department of Justice
Post Office Box 14271
Washington, D.C. 20044-4271
Tel. (202) 616-4019
Fax. (202) 616-4159
Counsel for the United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by fax and Federal Express this 4th day of February 2004, addressed to the following counsel of record:

Eric J. Land, Esq.
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
Tel. (860) 449-0341
Fax (860) 449-9070

_Michael A. DiLauro_
MICHAEL A. DILAURO, Trial Attorney