**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

ROBERT NUCKLES,                                    :

                                                   :        Feb 11   3 o? PM '04

                       Plaintiff,                  :        U.S. DISTRICT COURT

                                                   :        NO.  3:01cv753 (MRK)

v.                                                 :

                                                   :

UNITED STATES OF AMERICA,                          :

                                                   :

                       Defendant.                  :


## ORDER

Plaintiff Robert Nuckles filed this lawsuit against the United States of America pursuant

to the Suits in Admiralty Act, 46 U.S.C. §§ 741-752, on May 1, 2001 in connection with injuries

he allegedly suffered while aboard a United States owned vessel.  On December 24, 2003,

defendant filed a Motion To Amend Its Answer To Raise An Additional Affirmative Defense

[doc. #32] ("Motion To Amend") to include the "borrowed servant" defense.  The defendant not

having filed an opposition within the twenty-one day time period under Local Rule 7(a), the

Court issued an Order granting defendant's Motion To Amend on January 26, 2004 [doc. #32]

("Order").  *See* D.Conn. L. Civ. R. 7 ("Failure to submit a memorandum in opposition to a

motion may be deemed sufficient cause to grant the motion, except where the pleadings provide

sufficient grounds to deny the motion.").

On February 2, 2004, the parties appeared before the Court for a final pre-trial conference

to discuss outstanding issues in advance of trial.  In the course of the final pre-trial conference,

plaintiff voiced an objection to the Court's January 26, 2004 granting of defendant's Motion To

Amend to include the "borrowed servant" defense.  As the deadline for filing an opposition to

defendant's Motion to Amend had long since passed, the Court instructed the plaintiff to file a

motion for reconsideration of its January 26, 2004 Order granting defendant's Motion To Amend and to explain, assuming the Court granted the motion for reconsideration, why the defendant's Motion To Amend should be denied. Thereafter, on February 2, 2004, plaintiff filed an Objection To Defendant's Motion To Amend Its Answer [doc. #34] ("Objection") and a Motion For Reconsideration Of Allowing Defendant's Motion To Amend Its Answer [doc. #35] ("Motion For Reconsideration"). Defendant filed a Reply to the foregoing on February 5, 2004 [doc. #36] ("Reply"). For the reasons set forth below, the Motion For Reconsideration Of Allowing Defendant's Motion To Amend Its Answer [doc. #35] is hereby GRANTED, but, upon reconsideration, the Court reaffirms its January 26, 2004 Order granting defendant's Motion To Amend Its Answer To Raise An Additional Affirmative Defense [doc. #32] and therefore DENIES plaintiff's Objection to Defendant's Motion to Amend Its Answer [doc. # 35].

As the Second Circuit has held, the standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is warranted only "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998), *aff'd*, 241 F.3d 135 (2d Cir. 2001).

Plaintiff's motion for reconsideration is grounded in an oversight – plaintiff's counsel states that he erroneously presumed that a formal objection to defendant's Motion To Amend was unnecessary because he believed that he would have an opportunity to oppose the Motion to

2

Amend at the final pre-trial conference scheduled for February 2, 2004. However, counsel had no basis for presuming that plaintiff was not bound by the obligations set forth in the Local Rules to file timely objections to motions, particularly since the final pre-trial was not scheduled to take place until well beyond the deadline to file an objection. Moreover, the calendar informing parties of the final pre-trial conference was mailed on January 5, 2004, and thus the Motion To Amend, which was not referred to in the calendar, had been pending at least twelve days before the parties received notice of the final pre-trial conference.

That said, the governing Scheduling Order [doc. #30] issued by this Court, ordered discovery to close on December 1, 2003, and plaintiff had every reason to expect that it would not be required to conduct additional discovery to respond to amendments filed after the close of discovery. In addition, the information defendant acquired on December 16, 2003, which allegedly prompted defendant's Motion To Amend, appears to have been ascertainable before the close of discovery. Finally, the Court recognizes that plaintiff could be prejudiced by defendant's eleventh hour request to amend. *See Jin v. Metropolitan Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."); *see also Zahara v. Town of Southold,* 48 F.3d 674, 685-86 (2d Cir. 1995) (plaintiff's request to amend complaint denied because it was filed two and one-half years after commencement of action); *Ansam Associates v. Cola Pretroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (motion to amend denied because discovery had closed and non-movant had already filed motion for summary judgment).

Even though plaintiff effectively relinquished its right to object to defendant's Motion to

3

Amend by failing to abide by the formal requirements of the Local Rules, the Court generally favors administering its cases on the merits rather than on technicalities. Therefore, the Court is willing to reconsider its ruling on defendant's Motion to Amend. However, after reviewing the parties' submissions and reconsidering the issue, the Court will not reverse its Order. There is adequate time for plaintiff to conduct the additional depositions needed in order to address properly defendant's "borrowed servant" defense. In addition, to alleviate the potential prejudice resulting from its late request to amend, defendant in its Reply pledges to cooperate in making witnesses available, and offers to pay the court reporter's costs for the transcript of a renewed deposition of Mr. Bailey, whose deposition plaintiff had already taken, provided that the re-deposition of Mr. Bailey is limited to matters relating to the borrowed servant defense. Reply at 4. The Court expects defendant to fulfill both of its pledges, and the parties represented to the Court at the final pretrial that they do not anticipate any delay in the trial date as a result of the additional depositions necessitated by the "borrowed servant" defense. In these circumstances, the Court does not believe that plaintiff will be prejudiced by the amendment, and in the absence of demonstrated prejudice to plaintiff, the Court sees no legitimate reason why defendant should be denied the opportunity to amend its Answer and prove its defense.

For the foregoing reasons, the Motion For Reconsideration Of Allowing Defendant's Motion To Amend Its Answer [doc. #35] is hereby GRANTED, but, upon reconsideration, the Court REAFFIRMS its January 26, 2004 Order [doc. #32] granting United States' Motion To Amend Its Answer To Raise An Additional Affirmative Defense [doc. #31] and DENIES plaintiff's Objection to Defendant's Motion to Amend Its Answer [doc. # 34].

4

IT IS SO ORDERED.

_____
Mark R. Kravitz, U.S.D.J.

Date at New Haven, Connecticut: <u>February 10, 2004</u>.

5