UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT NUCKLES, <br> Plaintiff | : CIVIL ACTION NO. 301CV753(MRK) |
| V. | : |
| UNITED STATES OF AMERICA, <br> Defendant | : APRIL 30, 2004 |

<u>PLAINTIFF'S PROPOSED FINDING OF FACT AND CONCLUSIONS OF LAW</u>

**FINDING OF FACT**

(1) The plaintiff was injured on May 14, 1999 while on a U.S. Navy owned utility barge known as YNFB-41;

(2) At the time of the incident, Portsmouth Naval Shipyard, a U.S. Government owned facility, had possession and control of the barge;

(3) For purposes of this litigation, the barge in question was a public vessel;

(4) The sovereign immunity of the United States is waived by the provisions of the Public Vessel Act ["PVA"], 46 U.S.C. app. §§ 781-790 and the Suits in Admiralty Act 46 U.S.C. § 742;

(5) The matter is properly before the Court as an admiralty claim within Rule 9(h) of the Federal Rules of Civil Procedure;

(6) The Court has jurisdiction over this matter;

(7) The plaintiff's injuries were caused by the defendant's negligence;

(8) The defendant failed to provide a reasonably safe work environment for plaintiff;

(9) The defendant failed to conduct a reasonable inspection of the vessel;

(10) The defendant failed to warn the plaintiff of the dangerous condition of the vessel;

(11) The defendant, or one of its legal representative, "wired" a safety chain to a stanchion surrounding the cargo hold of the vessel;

(12) The wiring of a safety chain to the stanchion violated OSHA regulations and standards;

(13) Violations of an OSHA regulation is evidence that may be used with all other evidence in deciding whether the defendant was negligent;

(14) The wiring of a safety chain to a stanchion created a dangerous condition for plaintiff while on board the government owned vessel;

(15) The defendant knew that an open cargo hold was a dangerous condition and "custom" in the ship-repairing industry requires the owner of a vessel to act to prevent injury;

(16) The safety chains and stanchions surrounding the deck opening should have prevented the plaintiff from falling backwards down to the lower deck of the vessel but failed to do so;

(17) The Plaintiff was not comparatively negligent for his injuries or losses;

(18) The plaintiff has suffered permanent injury to his right arm, shoulder, hand and wrist;

(19) The plaintiff has suffered a permanent loss of wage earning capacity;

(20) The plaintiff has and will continue to suffer pain and mental anguish;

(21) The plaintiff injuries are progressive;

(22) The plaintiff has suffered diminution of life's enjoyment as a result of his injuries;

(23) The plaintiff has incurred medical expenses and is likely to incur additional medical expenses in the future;

(24) The plaintiff also suffered injury to his back, chest wall, neck and hips as a result of his fall which may be permanent and progressive in nature;

(25) The plaintiff is attending a Department of Labor sanctioned retraining program and has mitigated his damages;

(26) At the time of the incident plaintiff was a civilian employee of Electric Boat Corporation, with its principle place of business located in Groton, CT;

(27) The defendant cannot avoid or reduce its liability by claiming Electric Boat Corporation's negligence was a contributing factor in plaintiff's injuries. Longshore and Harbor Workers' Compensation Act, § 5(b) as amended 33 U.S.C.A § 905(b);

(28) At all times relevant hereto, the defendant had possession and control of the barge;

(29) It is a violation of the Civil Service laws, and legally impermissible, for the United States federal government to enter into contract with non-governmental employees who may simply receive their assignments from government employees. 5 U.S.C § 3109;

(30) In determining whether an employee is a borrowed servant, cooperation between the employee and the alleged borrowing employer, as distinguished from subordination, is legally insufficient to create an employment relationship. Standard Oil Company v. Anderson, 212 U.S. 215, 226, 29 S.Ct 252, 256, 53 L.Ed. 480 (1909)

(31) The plaintiff, at all times relevant hereto, was not a stevedore or in the employee of a stevedore;

(32) The plaintiff, at all relevant times hereto, was employed as a outside machinist engaged in ship repair work;

(33) At all relevant times hereto, plaintiff's status is that of a maritime worker and his claim is subject to the Longshore Harbor Worker's Compensation Act, as amended, 33 U.S.C §§ 901 et seq;

EMBRY AND NEUSNER
P.O. BOX 1409  118 POQUONNOCK RD.  GROTON, CT 06340-1409  (860) 449-0341  JURIS NUMBER 102932

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over this claim being that it is admiralty or maritime in nature.

(2) The sovereign immunity of the United States is waived in this matter per the Public Vessels Act, 46 U.S.C. app. §§ 781-790, and the Suits in Admiralty Act, 46 U.S.C. app. §§ 741-752.

(3) At all relevant times hereto, plaintiff's status is that of a maritime worker and his claim is governed by the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 901-950.

(4) The essential requirements of a 33 U.S.C.A. § 905(b) action are (1) a worker covered by the Longshore and Harbor Workers' Compensation Act, (2) who suffer injury on, or in connection with a vessel, (3) through the negligence of the vessel's operators or its agents.

(5) 905(b) holds "In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in

accordance with the provisions of section 33 of this Act, and the employer shall not be liable to the vessel for such damages directly or indirectly..."

(6) A vessel is defined in 33 U.S.C.A. § 902(21) as "any vessel upon which or in connection with which" the maritime worker suffering injury "arising out of or in the course of his employment".

(7) The longshoreman's right to recover from the shipowner for negligence has been upheld in the Supreme Court holding in Scindia Steam Navigation Co., Ltd. V. Santos, 451 U.S. 156, 165 101 S.Ct. 164, 68 L.Ed.2d 1 (1981)

(8) Because Congress did not "specify the acts or omissions of the vessel that would constitute negligence," the duties owed to longshoremen were "left to be resolved through the "application of accepted principles of tort law and the ordinary process of litigation." Id., at 165-166.

(9) "Under 5(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 905(b), a shipowner must exercise ordinary care to maintain the ship and its equipment in a condition so that an expert and experienced stevedore can load and unload cargo with reasonable safety. As a corollary to this duty, the shipowner must warn the stevedore of latent hazards, as the term is defined in maritime law, that are

known or should be known to the shipowner." <u>Howlett v. Birkdale Shipping Co.</u>, 512 U.S. 92, 94

(10) In <u>Sindia Steam</u> the Court outlined three general duties that are owed longshoremen, which include the "turnover duty', the "active involvement" duty, and the duty to "intervene".

(11) Under the "turnover duty" the shipowner "has a duty with respect to the condition of the ship's gear, equipment, tools, and work space to be used in the stevedoring operations; and if he fails at least to warn the stevedore of the hidden danger which would have been known to him in the exercise of reasonable care, he has breached his duty and is liable if his negligence causes injury to the longshoreman." <u>Scindia Steam, Ibid.</u> at p. 167

(12) In this case the U.S. Government, its agents, servants and/or employees failed to conduct an inspection of the barge prior to turning it over to the plaintiff and thus failed to warn the plaintiff of the dangerous condition of the cargo hold opening.

(13) Custom in the maritime industry dictates that ship owners must ensure that all cargo holds are made reasonably safe so as to prevent longshoremen from falling from great heights.

(14) Occupational Safety and Health Standards for Shipyard Employment (OSHA) 29 CFR part 1915, applicable "to all ship repairing", 29 CFR § 1915.2 requires that compliance with the regulation is placed upon the employer, "However, this part is not intended to relieve owners, operators, agents or masters of vessels who are not employers for responsibility or duties now placed upon them by law, regulation or custom.

(15) General maritime law imposes a duty to exercise reasonable care or ordinary care under the circumstances, a duty which includes a duty to warn of foreseeable dangers. This general duty to exercise reasonable care or ordinary care is articulated in § 343 of the Restatement (Second) of Torts. Section 343 provides: A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

- (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involved an unreasonable risk of harm to such invitees, and
- (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
- (c) fails to exercise reasonable care to protect them from the danger.

(16) The Second Circuit has adopted the standard set forth in § 343A of the Restatement. Fanetti v. Hellenic Lines Ltd. 687 F 2d 424 (2d Cir. 1982); Mack Moore

v. M.P. Hewlett, Inc., 704 F2d 39 (2d Cir. 1983); Sinagra v. Atlantic Ocean Shipping, Ltd., 182 F. Supp 2d 294, 301 (E.D.N.Y. 2001)

(17) At all times relevant hereto, plaintiff was an employee of Electric Boat Corporation and was not legally a barrowed servant of defendant.

(18) A tortfeasor cannot reduce its liability by claiming credit for benefits received by the plaintiff from other sources. Moran Towing & Transportation, Co., v.Lombas, 58 F.3d 24, (2d Cir. 1995)

(19) Comparative negligence on the part of the plaintiff, if any, is the proper doctrine to apply for assessing any fault on behalf of a plaintiff under general maritime law. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 408-409 (1953)

Respectfully submitted,

THE PLAINTIFF
ROBERT NUCKLES

By: _____
ERIC J. LAND
EMBRY & NEUSNER
118 Poquonnock Road
Groton, CT 06340
(860) 449-0341
Federal Bar #: ct12851

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by Federal Express this 30th day of April 2004, to the following:

Attorney Michael Dilauro
Attorney Stephen G. Flynn
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271

By: _____
ERIC J. LAND
EMBRY & NEUSNER
118 Poquonnock Road
Groton, CT 06340
(860) 449-0341
Federal Bar #: ct12851