FILED

MAY 5  3 :23 PM '04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT NUCKLES,<br>Plaintiff | : CIVIL ACTION NO. 301CV753(MRK)<br>:<br>: |
| V. | :<br>: |
| UNITED STATES OF AMERICA,<br>Defendant | : MAY 5, 2004<br>: |

## PLAINTIFF'S REPLY BRIEF

**INTRODUCTION:**

The Defendant claims to be exempt from liability in this matter due to interpretations it wishes to make as it relates to a contract which may have been in place between Electric Boat Corporation and Portsmouth Naval Shipyard. Defendant argues that Electric Boat Corporation simply provided "production support" to assist Portsmouth Naval Shipyard in the completion of work on USS Hartford. Actually, the Electric Boat Employees chosen by Electric Boat Corporation to work on the project were all skilled workmen with expertise in the construction and repair of submarines. The Electric Boat Employees were simply expected to cooperate with Portsmouth Employees in order to get the USS HARTFORD back to active duty. The Electric Boat Employees, including the plaintiff, assigned to the project worked under the direct control of Electric Boat foreman, not Portsmouth Naval Shipyard foreman.

Defendant also argues that there is no evidence that the chain in question in this matter was wired to the stanchion. This is contrary to the evidence. The investigative reports submitted by Charles Martin (P. ex # 1) clearly states that "The unsafe condition that existed was a copper wire was in place where a shackle should have been in the safety chain." As to whether the defendant knew, or should have known, about the condition must be decided based upon all the evidence including appropriate inferences.

## BORROWED SERVANT

Defendant has argued vigorously that plaintiff in this matter should be legally deemed a barrowed servant in order to escape liability for the extensive injuries and losses suffered by plaintiff as a result of the defective condition of defendant's barge. The defendant is wrong for at least three reasons: (1) the Longshore Harbor Workers' Compensation Act 33 U.S.C.A § 903(b) specifically preempts coverage for an "officer or employee of the United States"; (2) the Second Circuit has not adopted the borrowed servant doctrine in the context of the Longshore and Harbor Workers' Compensation Act See O'Hara v. Weeks, 294 F.3d 55, 67 (2d Cir 2002) (as discussed in footnote 5) and; (3) even if the court were to adopt the borrowed servant doctrine, under the criteria set out in Ruiz v. Shell Oil Company, 413 F.2d 310 (5th 1969) the plaintiff in this matter must be deemed an employee of Electric Boat Corporation and not a barrowed servant of the defendant.

**Issue of control:**

Under a <u>Ruiz,</u> analysis no single factor or combination of factors is determinative though the Fifth Circuit did place an emphasize on the first factor which seeks to determine who had control over the employee and the work the employee was performing, "beyond mere suggestion of details of cooperation". "The factor of control is perhaps the most universally accepted standard for establishing an employer-employee relationship, and what constitutes "control" has been the subject of much litigation". <u>Ruiz,</u> at 312. In this matter the evidence will show that there was cooperation between Electric Boat Corporation Employees and Portsmouth Naval Shipyard to undertake repairs on the USS HARTFORD but that Electric Boat Corporation had the responsibility to "overview" its employees assigned to the project as well as provide the work assignments. (Def. Ex. 531 § B.) ""Co-operation" as distinguished from "subordination" is not enough to create an employment relationship" <u>Id.</u> at 313 (quoting <u>Standard Oil Co. vs. Anderson,</u> 212 U.S. 215, 226).

**Who had the obligation to pay the employee:**

Defendant has argued it was responsible for plaintiff's salary because defendant funded a contract payable to Electric Boat Corporation. (Def. Pretrial Br. P.22) The contract in question was for repair work on the USS HARTFORD (SSN 768) and was described as a cost type contract by Mr. John Parys, a Supervisory Contracting Officer employed by the United States. Mr. Parys explained that: "A cost type contract envisions paying the contractor all reasonable, allowable, allocable costs plus a fair and reasonable profit" which includes the cost of labor.

Parys dep. P. 13. These costs would also factor in the overhead costs of Electric Boat Corporation including staff hiring, keeping up its physical plant and purchasing tools and equipment. Id., p. 19.

If we accept defendant's position regarding the payment of plaintiff's wages, it is only logical to extend the argument and claim all Electric Boat Employees are barrowed servants of the federal government since almost all work performed by Electric Boat Corporation is on behalf of the Unites States Navy.

**Whose work is being performed?**

As defendant pointed out in its pretrial brief, Electric Boat entered into a contract with the Navy "realizing that there was limited new construction, realized that if they wished to continue as a corporate entity, they needed to diversify into ship repair work. Df. Pretrial Br., p. 16. Clearly plaintiff was undertaking the work of Electric Boat Corporation.

**Was there an agreement, understanding or meeting of the minds:**

As in the question as to who work was being performed, the plaintiff was assigned to work on the USS HARFORD in furtherance of Electric Boat Corporation's decision to expand its business into repairing and servicing submarines. Df. Pretrial Br., p. 16. The contract in question (Def. Ex. 531, § B) set out that Electric Boat Corporation would supply personnel to the USS HARTFORD project, and would provide the work assignments and would continue to overview its employees in the furtherance of completing its contractual obligations.

**Did the employee acquiesce in the new work situation:**

The plaintiff simply followed instructions given to him by his employer, Electric Boat Corporation and reported to work where assigned. While at the U.S. Submarine Base, plaintiff simply followed instructions given to him by his foreman, also an Electric Boat Corporation employee. Plaintiff did not acquiesce to being a barrowed federal employee. Plaintiff believed at the time, and continues to believe, that his duties were those of an Electric Boat Employee.

**Did the Electric Boat Corporation terminate its relationship with plaintiff?**

No. Plaintiff was paid by Electric Boat Corporation, performed his duties on behalf of Electric Boat Corporation and was under the direct control of Electric Boat Corporation.

After looking at the <u>Ruiz</u> factors it is clear that plaintiff cannot be deemed a barrowed servant of the defendant.

<u>NOTICE</u>

Defendant admits that it had active control over the barge. Df. Pretrial Br., p. 23. The question for the court is whether the defendant breached its duties owed plaintiff. We know plaintiff fell approximately 12 feet down into the lower level of the barge. We also know that the reason plaintiff fell was do to the defective condition of the safety devise surrounding the opening of the deck. Did the defendant know, or should it have known, of the defective condition of the chain? Defendant certainly would have discovered the defect if it had conducted a reasonable inspection prior to plaintiff arrival at the scene. The defect was not

hidden as defendant suggests. Defendant had a continuing duty to exercise reasonable care to make the vessel safe. Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 167 (1981)

**CONCLUSSION**

If the barrowed servant defense is deemed to be applicable to this matter, it does not follow that plaintiff was a barrowed servant of the United States. Defendant did not have authoritative direction and control over plaintiff, nor can it meet most if not all of the Ruiz factors. The defendant's argument that plaintiff was a barrowed servant status must fail. The evidence does show the guard around the deck opening was defective. The evidence also shows defendant breached its duty too exercise reasonable care to make a vessel. Plaintiff is entitled to recover fair, just and reasonable damages from the defendant.

                                        Respectively submitted,

                                        THE PLAINTIFF, ROBERT NUCKLES

                                        By:

                                        ERIC J. LAND
                                        EMBRY & NEUSNER
                                        118 Poquonnock Road
                                        Groton, CT 06340
                                        (860) 449-0341
                                        Federal Bar #: ct12851

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by Federal Express this 5th day May, 2004, to the following:

Attorney Michael Dilauro
Attorney Stephen G. Flynn
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271

By: _____
ERIC J. LAND
EMBRY & NEUSNER
118 Poquonnock Road
Groton, CT 06340
Federal Bar #: ct12851